[No. 22306. Department Two. July 14, 1930.]

W. H. WILLIAMSON et al., Appellants, v. D. B. HORTON et al., Respondents.[1]

W. H. Sibbald, for appellants.
Edgar P. Reid, for respondents.

FULLERTON, J.—In this action, brought under chapter 1, title VI of the code (Rem. Comp. Stat.), the ap-

[1]Reported in 289 Pac. 1025.

pellants Williamson sought to recover from the respondents Horton the possession of a tract of land situated in or near the town of Stella in Cowlitz county.

In their complaint, the appellants alleged ownership of the land, and uninterrupted possession of it for a period of "approximately forty years" preceding the year 1927, at which time, it is further alleged, the respondents wrongfully entered upon it and erected a building thereon, and since said time have unlawfully and fraudulently maintained possession thereof. The respondents answered the complaint, in which they denied ownership and possession by the appellants, and pleaded affirmatively actual, open, notorious, and exclusive possession of the property under a claim of right in themselves and their predecessors in interest for more than ten years preceding the commencement of the appellants' action. In a reply, the appellants denied the affirmative allegations of the answer.

There was a trial by the court sitting with a jury, in which a verdict was returned for the respondents in the form prescribed by the cited act. (Rem. Comp. Stat., § 795, subd. 2.) On the verdict, the court adjudged that the appellants take nothing by their action, and further adjudged that the respondents were the owners of and entitled to the possession of the land.

As we have shown, the appellants did not in their complaint plead the conveyances through which they deraigned their title to the land from the primary source, but contented themselves with a general allegation of ownership and a right of possession. Their proofs were not more definite. They produced a deed from B. F. Brock and Selena Brock, his wife, dated March 15, 1921, purporting to convey to them a part of the donation land claim of one John Guisendorfer, and by oral proofs sought to show that the land was a part

of the land included in that conveyance and that the Brocks had been in possession of the land for many years antedating the time of the execution of the deed, a time long exceeding the period of the statute of limitations.

The respondents, to sustain their branch of the case, relied upon a deed executed to them on July 20, 1921, by William Edward Anderson and Emma Anderson, his wife, and William Henry Anderson, a bachelor, and oral proofs tending to show that the Andersons had been in actual, open, and notorious possession of the property under a claim of right for a time exceeding the period of the statute of limitations, and proofs tending to show that they had themselves been in the actual, open and notorious possession of the property under a claim of right since the execution of the deed. At the close of the respondents' evidence, the appellants interposed a challenge to its sufficiency to sustain the defense interposed, and moved the court to direct a verdict in their favor. This challenge and motion the trial court overruled, holding that the evidence presented a question of fact for the consideration of the jury.

In this court, the appellants contend that the court erred in submitting to the jury the question of the title to the property. They contend, or at least assume, that their own proofs showed an absolute legal title in themselves, and that the proofs on the part of the respondents were insufficient to show that character of adverse possession which will ripen into a title. But, as we view the record, neither of these contentions is well-founded. On the first, there was evidence which tended to refute the possession of the Brocks, and we cannot conclude that the appellants, in showing their own title, made more than a *prima facie* case. Since there was evidence disputing the posses-

sion of the Brocks, it follows, as of course, that the trial court did not err in submitting the question of its sufficiency to the jury.

On the second contention, the most that can be said is that there was a conflict in the evidence. The respondents offered substantial evidence tending to show that they and their predecessors in interest had been in the actual, open and notorious possession of the property for a period longer than ten years prior to the commencement of the appellants' action. They failed to show that they were holding under color of title for all of that period, it is true, but this is not an essential element to be proven where the ten-year statute is relied upon, although it may be under certain other statutes where a shorter period of possession will ripen into title. Under the ten-year statute, it is sufficient if they show that they were holding under a claim of right, and the evidence, notwithstanding the appellants' contention to the contrary, was ample in this respect.

There is no error in the record, and the judgment will stand affirmed.

MITCHELL, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.